**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1630

DARLENE A. TRACY,

Plaintiff, Appellant,

v.

OPRAH WINFREY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, <u>U.S. District Judge</u>]

Before

Boudin, <u>Chief Judge</u>,
Torruella and Lynch, <u>Circuit Judges</u>.

<u>Craig J. Tiedemann</u> and <u>Tiedemann Law Firm</u>, on brief for appellant.
<u>Robert A. Bertsche</u>, <u>Kimberley Keyes</u> and <u>Prince, Lobel, Glovsky & Tye</u>, and <u>Charles L. Babcock</u>, <u>Nancy W. Hamilton</u> and <u>Jackson Walker L.L.P.</u>, on brief for appellees.

June 11, 2008

**Per Curiam**.  Darlene Tracy has appealed the district court's dismissal of her complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).  We review such a dismissal *de novo*. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).  Upon *de novo* review, we affirm.

By order dated October 11, 2007, we rejected Tracy's contentions that this court lacks jurisdiction because no final judgment entered.  Tracy has reiterated those contentions in her appellate brief.  We rest on our order of October 11, 2007 and need not discuss those contentions further.

We reject Tracy's claim that the district court's dismissal was, in substance, a dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  It clearly was not.  Nor are we persuaded that the district court was misled by any alleged mischaracterization of the jurisdictional basis for the complaint appearing on the civil cover sheet.

The district court dismissed Tracy's complaint because the "complaint fails to allege facts sufficient to support a claim of copyright infringement or any other claim against these defendants."  This is a dismissal for failure to state a claim, pursuant to Rule 12(b)(6) and, contrary to Tracy's allegation, it adequately explains the basis for the court's ruling.

"Dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct

-2-

or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Id. (internal quotation marks and citations omitted). Upon our *de novo* review, neither copyright nor misappropriation of trade secret are apt legal theories for the facts as pled by Tracy, which, even construed in her favor, reveal that Tracy voluntarily and without reservation submitted her material to the defendants. Nor would the defendants' refusal to return her material constitute a claim of fraud.

Tracy's contention that the district court failed to permit her an opportunity to amend her complaint or to file supplemental or new pleadings is misplaced. The court's dismissal was not sua sponte. Cf. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001). Based on the defendants' motions to dismiss to which she responded, Tracy was on notice of the defects in her complaint. Nothing in Tracy's opposition sufficed to overcome these defects. Her motion to amend, filed after entry of judgment, which simply reiterated these inadequate arguments was similarly deficient. There was no abuse of discretion in denying the motion to amend. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., No. 07-1476, slip op. at 21 (1st Cir. Apr. 30, 2008) (reciting the standard of review). Similarly misplaced is Tracy's suggestion that this court can provide relief pursuant to

Fed. R. Civ. P. 60(b).  Any such motion is properly filed in the first instance in the district court.

Finally, assuming without deciding that a request for enforcement of a statutory attorney's lien, pursuant to Mass. Gen. L. c.221, § 50, is properly initiated by motion filed in this court, we deny the motion filed by Tracy's counsel, as the statute requires that a judgment have entered in the client's favor and no such judgment has entered in this case.

The district court judgment of dismissal entered on March 14, 2007 is summarily <u>affirmed</u>.  Loc. R. 27.0(c).